1

2

3

4

5

6

7

SINGER CASHMAN LLP
  Benjamin L. Singer (Bar No. 264295)
  bsinger@singercashman.com
  Evan N. Budaj (Bar No. 271213)
  ebudaj@singercashman.com
601 Montgomery Street, Suite 1950
San Francisco, CA  94111
Telephone:     (415) 500-6080
Facsimile:      (415) 500-6080

Attorneys for Ask Media Group, LLC

8

9

10

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

11

12

13

14

15

16

17

18

19

20

21

22

| | |
|---|---|
| DEEP WEB, L.L.C.,<br><br>                    Plaintiff,<br><br>v.<br><br>ASK MEDIA GROUP, LLC,<br><br>                    Defendant. | CASE NO. 4:20-CV-02262-JSW<br><br>**DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**<br><br>Judge Jeffrey S. White<br><br>Filed: April 2, 2020<br><br>Trial Date: None Set |
| ASK MEDIA GROUP, LLC,<br><br>                    Counterclaim-Plaintiff,<br><br>v.<br><br>DEEP WEB, L.L.C.,<br><br>                    Counterclaim-Defendant. | |

23

24

25

26

27

28

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

Defendant and Counterclaim-Plaintiff Ask Media Group, LLC ("Defendant" or "AMG"), by and through its undersigned counsel, hereby answers the Complaint [D.I. 1] filed by Plaintiff Deep Web, L.L.C. ("Plaintiff" or "DW").  AMG hereby responds in numbered paragraphs corresponding to the numbered paragraphs of the Complaint:

## PARTIES

1.      AMG lacks knowledge regarding the pleadings of Paragraph 1, and on that basis, denies them.

2.      Admitted.

## JURISDICTION AND VENUE

3.      AMG admits that DW purports to assert an action for patent infringement under 35 U.S.C. §§ 271(a)-(b), 281, and 284-85.  AGM admits that this Court has subject matter jurisdiction over DW's claims.  Except as so expressly admitted, denied.

4.      AMG admits that it has a regular place of business at 555 12th St. Ste. 400, Oakland, CA 94607.  AMG admits, for the purposes of this lawsuit, that venue is proper in this district.  Except as so expressly admitted, denied.

5.      AMG admits, for the purposes of this lawsuit, that this Court has personal jurisdiction over it.  Except as so expressly admitted, denied.

## THE DEEP WEB PATENTS

6.      AMG admits that a document purporting to be U.S. Patent No. 7,693,956 (the "'956 patent") was attached to the Complaint as Exhibit A.  AMG lacks knowledge regarding the remaining pleadings of Paragraph 6, and on that basis, denies them.

7.      AMG lacks knowledge regarding the pleadings of Paragraph 7, and on that basis, denies them.

8.      AMG lacks knowledge regarding the pleadings of Paragraph 8, and on that basis, denies them.

9.      Denied.

10.     AMG lacks knowledge regarding the pleadings of Paragraph 10, and on that basis, denies them.

11.     AMG admits that a document purporting to be U.S. Patent No. 8,321,529 (the "'529 patent") was attached to the Complaint as Exhibit B.  AMG lacks knowledge regarding the remaining pleadings of Paragraph 11, and on that basis, denies them.

12.     AMG lacks knowledge regarding the pleadings of Paragraph 12, and on that basis, denies them.

13.     AMG lacks knowledge regarding the pleadings of Paragraph 13, and on that basis, denies them.

14.     AMG lacks knowledge regarding the pleadings of Paragraph 14, and on that basis, denies them.

15.     Denied.

16.     AMG lacks knowledge regarding the pleadings of Paragraph 16, and on that basis, denies them.

17.     AMG admits that a document purporting to be U.S. Patent No. 8,645,493 (the "'493 patent" and, along with the '956 patent and '526 patent, the "patents-in-suit") was attached to the Complaint as Exhibit C.  AMG lacks knowledge regarding the remaining pleadings of Paragraph 17, and on that basis, denies them.

18.     AMG lacks knowledge regarding the pleadings of Paragraph 18, and on that basis, denies them.

19.     AMG lacks knowledge regarding the pleadings of Paragraph 19, and on that basis, denies them.

20.     AMG lacks knowledge regarding the pleadings of Paragraph 20, and on that basis, denies them.

21.     Denied.

22.     AMG lacks knowledge regarding the pleadings of Paragraph 22, and on that basis, denies them.

## COUNT I—INFRINGEMENT OF U.S. PATENT NO. 7,693,956

23.     Denied.

24.     Denied.

1    25.    Denied.

2    26.    Denied.

3    27.    Denied.

4    28.    Denied.

5    29.    Denied.

6    30.    Denied.

7    31.    Denied.

8    32.    Denied.

9    33.    Denied.

10    **COUNT II—INFRINGEMENT OF U.S. PATENT NO. 8,321,529**

11    34.    Denied.

12    35.    Denied.

13    36.    Denied.

14    37.    Denied.

15    38.    Denied.

16    **COUNT III—INFRINGEMENT OF U.S. PATENT NO. 8,645,493**

17    39.    Denied.

18    40.    Denied.

19    41.    Denied.

20    42.    Denied.

21    43.    Denied.

22    44.    Denied.

23    45.    Denied.

24    **COUNT IV—INDUCED INFRINGEMENT**

25    46.    Denied.

26    47.    AMG admits that it has had knowledge of the '956, '529, and '493 patents since the

27    filing of the Complaint.

28    48.    Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. AMG admits that it provides instructions and support to its customers regarding the use and operation of www.ask.com.  Except as so expressly admitted, denied.

54. Denied.

### PRAYER FOR RELIEF

AMG denies that DW is entitled to any of the relief it seeks, and denies the DW is entitled to any other relief in connection with this action.

WHEREFORE, AMG respectfully requests that this Court:

A. Dismiss DW's Complaint with prejudice;

B. Enter a judgment in favor of AMG on DW's Complaint;

C. Award AMG its costs of suit;

D. Declare this case exceptional and award AMG its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285; and

E. Award AMD such other or additional relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

AMG hereby demands a trial by jury on all issues so triable.

### AFFIRMATIVE DEFENSES

AMG hereby asserts the following affirmative defenses.  The assertion of any affirmative defense is not an admission that AMG bears the burden of proof on any affirmative defense or issue, and is not an assumption of the burden of proof with respect to any issue. AMG reserves the right to amend its Answer and to assert additional affirmative defenses as further information becomes available, including but not limited to, those related to unenforceability of all patents asserted in this action based on inequitable conduct.

//

//

**First Affirmative Defense**

AMG has not and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the patents-in-suit.

**Second Affirmative Defense**

AMG has not and does not induce the infringement of any valid and enforceable claim of the patents-in-suit.

**Third Affirmative Defense**

The claims of the patents-in-suit are invalid and/or unenforceable for failing to comply with one or more requirements of the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including, but not limited to, §§ 101, 102, 103, and/or 112.

By way of example only, the claims of the patents-in-suit are invalid under 35 U.S.C. § 101 for purporting to claim abstract subject matter, *e.g.*, by purporting to claim computer code (including but not limited to computer code performing only routine and ordinary functions).

By way of example only, any one or a combination of any of the following prior art references, on its/their own or in combination with the knowledge of a person of ordinary skill in the art, render the claims of the patents-in-suit invalid under 35 U.S.C. §§ 102 and/or 103:

- IncyWincy
- "Loop Improvements Launches IncyWincy, the Invisible Web Search Engine"
- U.S. Patent No. 6,993,569
- U.S. Patent Publication No. 2001/0049687 A1
- U.S. Patent Publication No. 2001/0049676 A1
- U.S. Patent No. 7,277,923
- U.S. Patent Publication No. 2002/123991
- U.S. Patent No. 6,718,365
- U.S. Patent Publication No. 2003/0046117 B1

The preceding list is not exhaustive and is not intended to be limiting.  AMG reserves the right to add to or supplement these prior art references in connection with its preliminary invalidity contentions and/or otherwise in accordance with the case schedule.

DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
CASE NO. 4:20-CV-02262-JSW

1    By way of example only, the claims of the patents-in-suit are invalid under 35 U.S.C. § 112 as

2    indefinite, including, but not limited to, because the claims recite unspecified and undefined terms

3    including but not limited to "a [first/second] of the answers associated with a [first/second]

4    information page of a [first/second] information location having information associated with the

5    search criteria," "at least one input field displayed on the answer page, the input field being

6    associated with the second information page," "index indexing to the second information location

7    from which the input field is generated," "the index including the one or more search criteria and a

8    set of one or more associated parameters," "the set of one or more associated parameters including at

9    least one parameter variable corresponding to the at least one input field," "a plurality of indexes

10   indexing information available on a plurality of information locations," "information potentially

11   associated with at least a one of the plurality of search criteria," "wherein at least one of the answers

12   includes at least one input means of a query answer page," "the query answer page is to be

13   dynamically generated," "the at least another one of the answers is associated with a static

14   information page that is not dynamically generated."

15           **Fourth Affirmative Defense**

16           DW's claims for damages for alleged patent infringement (which AMG denies) are limited by

17   35 U.S.C. § 286 to alleged infringement committed no more than six years prior to the filing of the

18   Complaint.

19           **Fifth Affirmative Defense**

20           DW's claims for damages for alleged patent infringement (which AMG denies) are limited by

21   35 U.S.C. § 287 to the date of notice of infringement, *i.e.* the date of the filing of DW's Complaint in

22   this action.

23           **Sixth Affirmative Defense**

24           DW's claims for relief for alleged patent infringement (which AMG denies) are barred under

25   the doctrine of prosecution history estoppel, and DW is estopped from asserting that the patents-in-

26   suit cover or include any of AMG's apparatuses, systems, methods, and/or products due to

27   admissions and/or amendments made during prosecution of the patents-in-suit.

28   //

DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
CASE NO. 4:20-CV-02262-JSW

1  **Seventh Affirmative Defense**

2  DW's claims for relief for alleged patent infringement (which AMG denies) are barred by

3  equitable doctrines, including the doctrine of unclean hands, waiver, estoppel, and/or laches.

4  **Eighth Affirmative Defense**

5  DW's claims for relief for alleged patent infringement (which AMG denies) are barred

6  because DW's Complaint fails to state a claim upon which relief can be granted.

7  **Ninth Affirmative Defense**

8  DW's claims for relief for alleged patent infringement (which AMG denies) are barred by

9  license.  As just one example, AMG is a third-party beneficiary to the ███████████████████

10  ████████████████████████████████████████████████  At least certain of

11  AMG's actions complained of in the Complaint, should they constitute infringement of the patents-

12  in-suit (which they do not), would be licensed under that agreement and/or other license agreements.[1]

13  **COUNTERCLAIMS**

14  AMG, by and through its undersigned counsel, hereby asserts these Counterclaims against

15  DW based on the information currently available to it.  Should AMG obtain additional information

16  on which to assert additional counterclaims, it will amend these Counterclaims to do so.[2]  Upon

17  information and belief, AMG alleges as follows:

18  **NATURE OF THE ACTION**

19  1.  AMG seeks a declaratory judgment that no valid and enforceable claim of the patents-

20  in-suit are or have been infringed by AMG.

21  2.  AMG seeks a declaratory judgment that the claims of the patents-in-suit are invalid for

22  failing to comply with one or more of the requirements of the Patent Laws of the United States, 35

23  U.S.C. § 1 *et seq.*, including but not limited to §§ 101, 102, 103, and/or 112.

24

25

26  [1] As another example, upon information and belief, there exists a license agreement between ███████████████
Upon information and belief, at least certain of AMG's actions complained of in the Complaint, should they constitute

27  infringement of the patents-in-suit (which they do not), would be licensed under that agreement.
[2] Specifically, but without limitation, AMG intends to amend its Answer and Counterclaims once it has obtained a copy

28  of the license between ███████████████  and confirmed that at least certain of its actions are licensed thereunder.
*See* n.1, *supra*.

DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
CASE NO. 4:20-CV-02262-JSW

3.     AMG asserts a claim for breach of contract arising out of a license agreement ████ ████████████████████████████████████████████████ to which AMG is a third-party beneficiary.

### THE PARTIES

4.     AMG is a Delaware limited liability company with its principal place of business at 555 12th Street, Ste. 400, Oakland, CA 94607.

5.     Pursuant to DW's pleading in Paragraph 1 of the Complaint, DW is a Washington limited liability company with a principal place of business at 13313 SE 51st St., Bellevue, WA 98006.

### BACKGROUND

6.     On May 2, 2014, DW filed suit against IAC Search & Media, Inc. ("IAC SM"), no. 2:14-cv-664 (W.D. Wa.) (the "Prior Action").

7.     AMG was formed as IAC Publishing, LLC in 2016.

8.     IAC SM is and always has been the sole member of AMG, including when AMG was known as IAC Publishing, LLC.

9.     IAC SM filed its answer to DW's complaint in the Prior Action on August 6, 2014. D.I. 15 in Prior Action.

10.     In talks regarding the Prior Action, the parties to the Prior Action discussed specifically the fact that ████████ was a licensee of the patents-in-suit, and that IAC SM's activities relating to ████████ were therefore licensed.

11.     In the course of these discussions, DW admitted on October 23, 2014 that "IAC is a ████ Partner' under the ████████ license] agreement."

12.     Given these discussions regarding IAC SM's status as a licensed ████ Partner, on January 19, 2015, DW "offer[ed] a zero dollar walkaway where the parties simply dismiss their respective claims without prejudice."

13.     On February 18, 2015, the parties to the Prior Action filed in that action a Stipulation and Proposed Order of Dismissal Without Prejudice.  D.I. 24 in Prior Action.  That stipulation was so-ordered at D.I. 25 in the Prior Action.

14.     Now, over five years later, DW has returned to the same, still-dry well.  AMG is still a licensed ███████ Partner, and DW's filing of this action violates both its license to ███████ and the covenant not to sue therein that explicitly benefits ███████ Partners like AMG.

### JURISDICTION AND VENUE

15.     Counterclaims I–VI arise under the Patent Laws of the United States, 35 U.S.C. § 101, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

16.     This Court has subject matter jurisdiction over Counterclaims I–VI pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

17.     This Court has subject matter jurisdiction over Counterclaim VII because the amount in controversy is over $75,000 and there is complete diversity of citizenship between the parties.

18.     This Court has personal jurisdiction over DW at least on the basis of its filing of the Complaint in this Action in this district.

19.     Venue is proper in this district under at least 28 U.S.C. §§ 1391 and 1400(b) and because DW transacts business here and is subject to personal jurisdiction here.

### COUNT I—NONINFRINGEMENT OF U.S. PATENT NO. 7,693,956

20.     AMG incorporates by reference the preceding Paragraphs of these Counterclaims as if fully set forth herein.

21.     DW filed suit, alleging in its Complaint that AMG is infringing the '956 patent.

22.     AMG has not infringed and does not infringe directly or indirectly, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '956 patent.

23.     An actual and justiciable case or controversy exists under 28 U.S.C. §§ 2201 and 2202 regarding AMG's noninfringement of the '956 patent because DW filed suit alleging that AMG infringes the '956 patent.

24.     AMG has been injured by DW's suit.

25.     AMG is therefore entitled to a declaratory judgment that it has not and does not infringe the '956 patent.

DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
CASE NO. 4:20-CV-02262-JSW

## COUNT II—INVALIDITY OF U.S. PATENT NO. 7,693,956

26. AMG incorporates by reference the preceding Paragraphs of these Counterclaims as if fully set forth herein.

27. One or more claims of the '956 patent are invalid and/or unenforceable for failure to comply with the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

28. AMG incorporates by reference as if fully set forth herein its Third Affirmative Defense, set forth in AMG's Answer, above, by way of example only as to the failures of the claims of the '956 patent to comply with, *e.g.*, 35 U.S.C. §§ 101, 102, 103, and/or 112.

29. An actual and justiciable case or controversy exists under 28 U.S.C. §§ 2201 and 2202 regarding the validity and enforceability of the '956 patent because DW filed suit alleging that the '956 patent is valid and enforceable and alleging that AMG infringes the '956 patent.

30. AMG has been injured by DW's suit.

31. AMG is therefore entitled to a declaratory judgment that the '956 patent is invalid and/or unenforceable pursuant to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT III—NONINFRINGEMENT OF U.S. PATENT NO. 8,321,529

32. AMG incorporates by reference the preceding Paragraphs of these Counterclaims as if fully set forth herein.

33. DW filed suit, alleging in its Complaint that AMG is infringing the '529 patent.

34. AMG has not infringed and does not infringe directly or indirectly, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '529 patent.

35. An actual and justiciable case or controversy exists under 28 U.S.C. §§ 2201 and 2202 regarding AMG's noninfringement of the '529 patent because DW filed suit alleging that AMG infringes the '529 patent.

36. AMG has been injured by DW's suit.

37. AMG is therefore entitled to a declaratory judgment that it has not and does not infringe the '529 patent.

## COUNT IV—INVALIDITY OF U.S. PATENT NO. 8,321,529

38.     AMG incorporates by reference the preceding Paragraphs of these Counterclaims as if fully set forth herein.

39.     One or more claims of the '529 patent are invalid and/or unenforceable for failure to comply with the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

40.     AMG incorporates by reference as if fully set forth herein its Third Affirmative Defense, set forth in AMG's Answer, above, by way of example only as to the failures of the claims of the '529 patent to comply with, *e.g.*, 35 U.S.C. §§ 101, 102, 103, and/or 112.

41.     An actual and justiciable case or controversy exists under 28 U.S.C. §§ 2201 and 2202 regarding the validity and enforceability of the '529 patent because DW filed suit alleging that the '529 patent is valid and enforceable and alleging that AMG infringes the '529 patent.

42.     AMG has been injured by DW's suit.

43.     AMG is therefore entitled to a declaratory judgment that the '529 patent is invalid and/or unenforceable pursuant to 35 U.S.C. §§ 101, 102, 103, and/or 112.

## COUNT V—NONINFRINGEMENT OF U.S. PATENT NO. 8,645,493

44.     AMG incorporates by reference the preceding Paragraphs of these Counterclaims as if fully set forth herein.

45.     DW filed suit, alleging in its Complaint that AMG is infringing the '493 patent.

46.     AMG has not infringed and does not infringe directly or indirectly, either literally or under the doctrine of equivalents, any valid and enforceable claim of the '493 patent.

47.     An actual and justiciable case or controversy exists under 28 U.S.C. §§ 2201 and 2202 regarding AMG's noninfringement of the '493 patent because DW filed suit alleging that AMG infringes the '493 patent.

48.     AMG has been injured by DW's suit.

49.     AMG is therefore entitled to a declaratory judgment that it has not and does not infringe the '493 patent.

**COUNT VI—INVALIDITY OF U.S. PATENT NO. 8,645,493**

50.     AMG incorporates by reference the preceding Paragraphs of these Counterclaims as if fully set forth herein.

51.     One or more claims of the '493 patent are invalid and/or unenforceable for failure to comply with the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

52.     AMG incorporates by reference as if fully set forth herein its Third Affirmative Defense, set forth in AMG's Answer, above, by way of example only as to the failures of the claims of the '493 patent to comply with, *e.g.*, 35 U.S.C. §§ 101, 102, 103, and/or 112.

53.     An actual and justiciable case or controversy exists under 28 U.S.C. §§ 2201 and 2202 regarding the validity and enforceability of the '493 patent because DW filed suit alleging that the '493 patent is valid and enforceable and alleging that AMG infringes the '493 patent.

54.     AMG has been injured by DW's suit.

55.     AMG is therefore entitled to a declaratory judgment that the '493 patent is invalid and/or unenforceable pursuant to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**COUNT VII—BREACH OF CONTRACT**

56.     AMG incorporates by reference the allegations of each forgoing Paragraph as if set forth fully herein.

57.     Attached hereto as Exhibit 1 is the ▮▮▮▮▮▮▮▮▮ Settlement and License Agreement made between ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ License").

58.     The ▮▮▮▮▮ License is a valid, binding, and enforceable agreement.

59.     Upon information and belief, ▮▮▮▮▮▮ performed and met its obligations under the ▮▮▮▮ License.

60.     ▮▮▮▮▮ License § I.B defines ▮▮▮▮▮ Partner" as ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

61.     AMG is both a customer and user of ▮▮▮▮▮

62.     DW admitted on October 23, 2014 that IAC Search & Media, Inc. is a ▮▮▮▮▮ Partner' under the ▮▮▮▮▮▮ license] agreement."

1        63.     IAC SM is and always has been the sole member of AMG, including when AMG was

2    known as IAC Publishing, LLC.

3        64.     AMG is a ███████ Partner" as defined in ███████ License § I.B.

4        65.     AMG is a third-party beneficiary to the ███████ License.

5        66.     AMG is entitled to the benefits of the ███████ License ascribed to ███████ Partners,

6    including but not limited to those set forth in Section II and specifically Section II.c.

7        67.     The ███████ License defines "Plaintiff" as Michael Z. Moricz.

8        68.     ███████ License § I.C defines "Plaintiff Affiliates" as ████████████████████████

9    ████████████████████████████████████████████████████

10   ████████████████████████████████████████████████████████

11   ████████████████████████████████████████████████

12   ████████████████████████████████

13       69.     Upon information and belief, Michael Z. Moricz is a Manager and member of DW.

14       70.     Upon information and belief, DW is "partially or wholly controlled by" Michael Z.

15   Moricz.

16       71.     Upon information and belief, pursuant to ███████ License § I.C, DW is a "Plaintiff

17   Affiliate."

18       72.     ███████ License § II.f states: ████████████████████████████████████

19   ████████████████████████████████████████████████████████████

20   ████████████████████████████████████████

21       73.     Upon information and belief, Michael Z. Moricz transferred the patents-in-suit to DW.

22       74.     Upon information and belief, the transfer of the patents-in-suit from Michael Z.

23   Moricz to DW was made expressly subject to the licenses and covenants not to sue granted ██████

24   ███████ Affiliates, and ███████ Partners pursuant to the ███████ License.

25       75.     Upon information and belief, DW is bound by at least the terms of the ███████ License

26   (1) relating to Plaintiff Affiliates; and (2) relating to licenses or covenants not to sue granted ██████

27   ███████ Affiliates, and ███████ Partners.

28       76.     ███████ License § II.D defines "Plaintiff Patents" to include at least all patents-in-suit.

DEFENDANT'S ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
CASE NO. 4:20-CV-02262-JSW

77.     ████     License § II.a states: ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████

78.     ████     License § II.b states: ████████████████

████████████████████████████████████████████████████

█████████████████████████████████████

79.     ████     License § II.c states, in relevant part: ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████

80.     AMG's activities complained of in the Complaint include activities for which AMG uses products, services, and/or websites of ████ and/or ████ Affiliates (the "AMG Licensed Activities").

81.     DW was bound by and bound to honor the ████ License's covenant not to sue AMG for any AMG Licensed Activities.

82.     DW breached that obligation by filing the Complaint.

83.     DW's breach of contract has injured AMG in an amount to be determined at trial, but exceeding $75,000.

## **PRAYER FOR RELIEF**

WHEREFORE, AMG respectfully requests that this Court:

A.  Enter a declaratory judgment that AMG has not infringed and does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the patents-in-suit;

B.  Enter a declaratory judgment that claims of the patents-in-suit are invalid and/or unenforceable;

C. Enter a declaratory judgment that by bringing this action DW breached the ███ License and must abide by the terms of the ███ License;

D. Declare this case exceptional under 35 U.S.C. § 285 and award AMG its costs and attorneys' fees incurred in connection with this Action;

E. Award AMG damages on its breach of contract counterclaim in an amount to be determined at trial, but exceeding $75,000;

F. Award AMG its costs of suit; and

G. Award AMG such other or additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

AMG hereby demands a jury trial on all issues so triable.

Date:  June 15, 2020                          SINGER CASHMAN LLP

                                              By:    /s/ Evan Budaj

                                                  Benjamin L. Singer
                                                  Evan Budaj
                                                  Attorneys for Ask Media Group, LLC